UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiff,<br><br>  v.<br><br>HARVARD GRADUATE STUDENTS UNION – UNITED AUTOWORKERS, LOCAL 5118,<br><br>    Defendant. | Civil Action No.: 1:26-cv-11273 |

## COMPLAINT TO STAY ARBITRATION

Plaintiff President and Fellows of Harvard College ("Harvard" or "the University") brings this action to stay the arbitration of a grievance brought by Defendant Harvard Graduate Students Union – United Autoworkers, Local 5118 (the "Union"), which Harvard has no obligation to arbitrate. The parties' collective bargaining agreement expired on June 30, 2025. On July 19, 2025, the Union filed a grievance alleging that after contract expiration, Harvard removed certain graduate students from the bargaining unit. As the parties' collective bargaining agreement had expired, Harvard has no duty to arbitrate this dispute. Undeterred, the Union has demanded arbitration, and the arbitral forum, the Labor Relations Connection ("LRC"), has appointed an arbitrator, over Harvard's objections. As there is no agreement to arbitrate the dispute, Harvard asks that the Court determine the grievance is not arbitrable and stay the pending arbitration.

## JURISDICTION AND VENUE

1. This complaint is brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to stay the arbitration pending the Court's determination regarding arbitrability of the grievance. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185. Venue is proper under 29 U.S.C. § 185 and 28 U.S.C. § 1391.

323546891v.2

**FACTS**

I.      **The Parties**

2.      Harvard is a co-educational, private research institution of higher education located in Cambridge, Massachusetts. The University is dedicated to advancing knowledge and educating students across the spectrum of arts, sciences, law and medicine. It consists of the undergraduate Harvard College, twelve graduate and professional schools, and the Radcliffe Institute for Advanced Studies. Harvard enrolls more than 15,000 graduate students each year.

3.      In 2016, the National Labor Relations Board ("NLRB") held that "student assistants who have a common-law employment relationship with their university are statutory employees under the [National Labor Relations Act]." *See Trustees of Columbia University*, 364 NLRB No. 90 (Aug. 23, 2016). The NLRB explained that to meet the common law test for employment status, the student must provide services to the university in exchange for compensation. However, the NLRB recognized that students who receive a stipend to support their own academic endeavors and provided no service to a university were not employees under the Act.

4.      In October 2016, shortly after the issuance of *Columbia*, the Union filed a petition with the NLRB, Case No. 01-RC-186442, to become the exclusive bargaining representative of graduate student workers at Harvard.

5.      The Union is an unincorporated association and a "labor organization" as defined by 29 U.S.C. § 152(5). According to its bylaws, its members consist of "all graduate students at Harvard University enrolled in programs with teaching or research work requirements" and it "can only bargain for workers in a recognized bargaining unit."

6.      After an election conducted by the NLRB, the Union was certified as the bargaining representative of the following bargaining unit:

> [A]ll students enrolled in Harvard degree programs employed by Harvard University who provide instructional services at Harvard University, including graduate and undergraduate Teaching Fellows (teaching assistants, teaching fellows, course assistants) and all students enrolled in Harvard degree programs (other than undergraduate students at Harvard College) employed by Harvard University who serve as Research Assistants (regardless of funding sources, including those compensated through Training Grants). This bargaining unit includes students employed by Harvard University and enrolled in the Harvard Graduate School of Arts and Sciences, Harvard Business School, the Division of Continuing Education, Harvard Graduate School of Design, Harvard Graduate School of Education, the Harvard John A. Paulson School of Engineering and Applied Sciences, the John F. Kennedy School of Government at Harvard University, Harvard Law School, Harvard Divinity School, Harvard Medical School, the Harvard T.H. Chan School of Public Health, and Harvard College.

### II. Factual Background

7. In 2021, the parties entered into their second collective bargaining agreement (the "Agreement"). A copy of the Agreement is attached as **Exhibit 1.** The Agreement contained a grievance and arbitration provision. Article 6, Section 1 states that "[a] grievance is any dispute concerning the interpretation, the application, or claimed violation(s) of a of a specific provision(s) of this Agreement." The contract had an expiration date of June 30, 2025.

8. Article 1 of the Agreement states that only those students who are "employed by" Harvard are within the bargaining unit.

9. While that second contract was in force, a union sought to represent graduate students on fellowships at the Massachusetts Institute of Technology. In March 2023, the Regional Director for Region 1 of the NLRB dismissed the petition. The Regional Director held that the "petitioned-for graduate fellows are not employees because they do not perform work controlled by the Employer in exchange for compensation. Rather, they perform research (or, occasionally, teach) to further their own academic purposes and are provided with funding to do so regardless of whether their activities also benefit the Employer." *Massachusetts Inst. of Tech.*, 01-RC-304042 (Mar. 13, 2023). On appeal to the NLRB, the Board held, "the Regional Director… correctly

3

found that the record shows that most of the fellows 'must meet no employment responsibilities or service requirements to receive or maintain their fellowship awards.' Accordingly, the Regional Director properly dismissed the petition." *Massachusetts Inst. of Tech.*, No. 01-RC-304042, 2024 WL 3455477, at *1 (July 17, 2024).

10. In light of the NLRB's decision in *MIT*, Harvard reviewed whether there were graduate students who receive stipends but did not have a corresponding service requirement to the University and who were mistakenly included in the bargaining unit. Harvard typically sends appointment letters on or about July 1, so the timing of the NLRB's decision in *MIT* meant that many appointments had already been made for the 2024-25 academic year.

11. On June 30, 2025, the Agreement expired, and the parties did not agree to an extension.

### III. The Grievance

12. On July 1, 2025, Harvard announced that graduate students who did not in fact have a common law employment relationship with the University, meaning that they performed work in exchange for compensation, were being removed from the bargaining unit because they were not employees under the National Labor Relations Act. This decision specifically impacted students who received stipends without any corresponding service commitment.

13. On July 21, 2025, the Union filed a grievance alleging that Harvard violated the Agreement "when, leading up to the July 1, 2025, payroll date it instructed its agents to remove approximately 900 members from the bargaining unit entirely." A true and accurate copy of the grievance is attached as **Exhibit 2**. During the grievance process, Harvard repeatedly asserted that the grievance was not arbitrable because the Agreement had expired on June 30, 2025. It also asserted that the grievance was not arbitrable on the merits.

14. The United States Supreme Court in *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190 (1991), held that an employer had no duty to arbitrate a post-expiration layoff decision, finding that its post-expiration grievances concerning terms and conditions of employment remain are not arbitrable. Further, the majority in *Litton* determined that a court, not an arbitrator, should decide whether a post-expiration dispute is arbitrable. *Id.* at 209.

15. On October 14, 2025, the Union filed a demand for arbitration with the LRC, again acknowledging that Harvard implemented the decision underlying the grievance on July 1, 2025, after the expiration of the Agreement. A true and accurate copy of the demand for arbitration is attached as **Exhibit 3**.

16. Harvard informed the LRC that the grievance was not arbitrable because there was no agreement to arbitrate between the Harvard and the Union, as the Agreement had expired. It also argued that the grievance was not arbitrable on the merits because only those students "employed by" Harvard can be in the bargaining unit. Harvard further objected that a court, rather than an arbitrator, is empowered to decide a question of arbitrability.

17. The LRC provided the following response:

> As the neutral grievance/arbitration administrator, The LRC does not make substantive or legal decisions regarding these disputes between the parties. As such, given that the parties provided in their collective bargaining agreement that The Labor Relations Connection was chosen as the arbitration administrator, The LRC has no choice but to move forward with the appointment of an arbitrator under the The Labor Relations Connection's rules. The substantive decision as to whether the grievance is arbitrable an should or can be decided by the arbitrator or whether this decision should be determined by a court with jurisdiction, is a substantive matter which is outside The Labor Relations Connection's limited jurisdiction. Obviously, the parties are free to pursue any legal remedies that might affect this decision and The Labor Relations Connection will comply with whatever decision is imposed [sic] the parties.

18. The LRC proceeded with appointing an arbitrator to assess the threshold issue of arbitrability. Arbitrator Mary Jeanne Tufano was selected as the arbitrator for this purpose.

19. During a conference call with the arbitrator on December 11, 2025, Harvard again contended that it had no duty to arbitrate the dispute and that a court, not an arbitrator, must decide arbitrability. Arbitrator Tufano requested that the parties file written statements summarizing their positions.

20. On February 2, 2026, in response to the parties' submissions, Arbitrator Tufano acknowledged that the law is clear that a court is empowered to decide questions of arbitrability when the parties' collective bargaining agreement has expired. However, as neither party had gone to court to seek injunctive relief, Tufano believed she could move forward with scheduling a hearing on the grievance.

21. For these reasons, Harvard seeks a determination by this Court that the grievance is not arbitrable and a stay of the arbitration.

22. There is no agreement between the parties to arbitrate the dispute, as the parties' collective bargaining agreement had expired.

23. The merits of the underlying grievance is not an arbitrable dispute even if there were a collective bargaining agreement in effect between the parties.

## PRAYER FOR RELIEF

Plaintiff President and Fellows of Harvard College requests that this Court stay the arbitration before the Labor Relations Connection, determine that the grievance is not arbitrable and grant all other relief deemed appropriate by this Court.

323546891v.2

| | |
|---|---|
| Dated: March 13, 2026 | Respectfully Submitted, |
| | President and Fellows of Harvard College |
| | By its counsel: |
| | */s/ Robert A. Fisher* |
| | Robert A. Fisher (BBO # 643797) |
| | Nicole E. Ricker (BBO # 713593) |
| | rfisher@seyfarth.com |
| | nricker@seyfarth.com |
| | SEYFARTH SHAW LLP |
| | Two Seaport Lane, Suite 1200 |
| | Boston, MA 02210 |
| | Telephone: (617) 946-4800 |
| | Facsimile: (617) 946-4801 |

323546891v.2