**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiff.<br><br>    v.<br><br>HARVARD GRADUATE STUDENTS UNION – UNITED AUTOWORKERS, LOCAL 5118,<br><br>        Defendant. | Civil Action No. 1:26-cv-11273 |

**ANSWER AND COUNTERCLAIM OF DEFENDANT**
**HARVARD GRADUATE STUDENTS UNION-UAW LOCAL 5118**

Defendant, Harvard Graduate Students Union (HGSU)-UAW, Local 5118 ("HGSUUAW" or "the Union") answers the Plaintiff, President and Fellows of Harvard College's ("the College's") Complaint as follows. The introductory paragraphs contain legal argument for which no response is required.

1.    This allegation is a legal conclusion to which no response is required. Otherwise, admitted.

2.    Admitted.

3.    This paragraph involves argument, characterization of a National Labor Relations Board decision, and/or conclusions of law, and therefore does not require a response. Otherwise, denied.

4.    Admitted.

5. Admitted that the Union is a labor organization within the meaning of the law. The Union's by-laws, which are not collectively bargaining or pertinent in the grievance or arbitration giving rise to this case, speak for themselves. Otherwise, denied.

6. The certification of the Union as the exclusive bargaining representative of certain undergraduate and graduate student workers at Harvard is a document that speaks for itself and does not require a response.

7. Admitted that the parties to this case are parties to a collective bargaining agreement (CBA) attached as Exhibit 1 to the Complaint. The CBA speaks for itself, and this paragraph does not require a response. Otherwise, denied.

8. The CBA speaks for itself, and this paragraph does not require a response. Otherwise, denied.

9. This paragraph describes decisions of the National Labor Relations Board that do not require a response. Otherwise, denied.

10. The Union is without sufficient information to respond to the allegation. Otherwise, denied.

11. Admitted that the CBA speaks for itself and that the parties did not agree to an extension. Otherwise, denied.

12. Admitted that Harvard, on July 1, 2025, unilaterally announced a change to the composition of the bargaining unit to exclude individuals and positions previously included in the bargaining unit. Otherwise, denied.

13. The grievance attached as Exhibit 2 to the Complaint speaks for itself and does not require a response. Otherwise denied.

14.     This paragraph contains a statement of law and/or description of a Supreme Court decision that speaks for itself. Otherwise, denied.

15.     Admitted that the Union filed a demand for arbitration dated October 14, 2025 and that the demand attached as Exhibit 3 to the Complaint speaks for itself.

16.     Admitted that Harvard filed an objection to the processing of the demand, which includes Exhibit 1 to the Answer and Counterclaim, which speaks for itself. Otherwise, denied.

17.     Admitted that the paragraph quotes a portion of the LRC's October 30, 2025 response.

18.     Admitted.

19.     Admitted that the parties disputed arbitrability and the arbitrator solicited position statements, which are attached as Exhibits 2 (Harvard) and 3 (HGSU) to the Answer and Counterclaim. Otherwise denied.

20.     Tufano's decision, attached as Exhibit 3 to the Answer and Counterclaim, speaks for itself. Otherwise, denied.

21.     The allegation describes the Complaint, which speaks for itself. Otherwise denied.

22.     This paragraph contains argument and conclusions of law for which no response is required. Otherwise, denied.

23.     This paragraph contains argument and conclusions of law for which no response is required. Otherwise, denied.

## **AFIRMATIVE DEFENSES**

1.     The Complaint does not allege a claim for which relief may be granted.

3

## <u>COUNTERCLAIM TO COMPEL ARBITRATION</u>

1.      Defendant hereby incorporates by reference all responses to allegations in above paragraphs as if incorporated herein.

2.      Article 6 of the CBA, Exhibit 1 to the Complaint, contains an agreement to arbitrate grievances, which are defined as "any dispute concerning the interpretation, the application, or claimed violation(s) of a specific provision(s) of this Agreement."

3.      The parties dispute whether individuals unilaterally removed by Harvard on July 1, 2025 meet the definition of research assistant under Articles 1 and 2 of the CBA. Harvard argues that the individuals were not eligible for inclusion before or after July 1, 2025.

4.      Section 1 of Article 2 of the CBA defines Research Assistant 1 as "Performs research (including scientific rotations) under the supervision of faculty/principal investigator/museum curator" and is open to "Harvard enrolled graduate students."

5.      Pursuant to Articles 1 and 2 of the CBA, Harvard included graduate students performing research under the supervision of faculty in the bargaining unit as research assistants even if they were funded by an external or internal fellowship.

6.      Harvard continued to include such individuals in the unit even after it became aware of the NLRB Regional Director's decision in *Massachusetts Inst. of Tech*, 1-RC-304042 (March 13, 2023) and prior to the NLRB's review of the decision on July 17, 2024.

7.      Since at least July 2023, Harvard has cited the above NLRB Regional Director decision to argue that laboratory-based psychology department students conducting research under the supervision of faculty and funded by an external or internal fellowship were not employees under the Act and could not be included in the unit.

8.      Harvard has been seeking to vacate an arbitration award, which determined that the aforementioned individuals qualify as research assistant under Articles 1 and/or 2 of the CBA. A basis of Harvard's argument is that individuals who do not meet the definition of employee under the NLRA *cannot* be included in the bargaining unit. Harvard's appeal remains under advisement of the U.S. Court of Appeals for the First Circuit.

9.      Between issuance of the *Mass Inst. of Technology* decision and June 30, 2025, Harvard never contended that STEM-based doctoral students conducting research under the supervision of faculty or principal investigator and funded by internal or external fellowships were no longer eligible to be included, or in fact included, in the bargaining unit.

10.     STEM-based doctoral students conducting research under the supervision of faculty or principal investigator and funded by internal or external fellowships were considered by Harvard to be bargaining unit research associates throughout their doctoral education, including during laboratory rotations.

11.     Harvard knowingly continued to include individuals and positions in the above paragraph in the unit until July 1, 2025. See footnote 1 to January 8, 2026 letter from Harvard to Arbitrator Tufano, Exhibit 1 to Answer and Counterclaim.

12.     In July 2025, the parties continued to bargain a successor collective bargaining agreement.

13.     Prior to July 1, 2025, Harvard unilaterally made the decision to remove STEM-based fellow-funded research assistants from the bargaining unit.

14.     Prior to July 1, 2025, Harvard implemented the decision to remove STEM-based fellow-funded research assistants from the bargaining unit, such as by instructing departments to

delay issuance of appointment letters contractually required to be issued before July 1, and by ceasing authorized deduction of union dues to such individuals.

15.   On July 2, 2025, Harvard notified the Union:

> We write to advise you that some students who do not meet the statutory definition of employee have erroneously been included in the bargaining unit represented by HGSU in years past. Students receiving financial support in the form of a stipend to pursue research toward their degrees are not employees under the NLRA and do not have the right to unionize. Harvard has never agreed that non-employees should be included in the unit.

16. The Union filed a grievance on July 21, 2025. June 5, 2025 is approximately 30 business days prior to the July 21, 2025 filing of the Union's grievance. Thus, the grievance may pertain to CBA violations that occurred during the undisputed life of CBA.

17. The Union's grievance involves alleged violations of the CBA arising from Harvard's unilateral determination that disputed group of employees did not qualify for inclusion in the bargaining unit prior to or after July 1, 2025, including issues that arose prior to the expiration of the CBA regardless of whether the individuals removed from the bargaining unit on July 1, 2025 met the definition of the bargaining unit prior to that date.

18. The Union's grievance, Exhibit 2 to the Complaint, alleges facts, circumstances, and/or rights that arose during the life of the CBA regardless of when violations occurred. See Exhibit 3 to the Answer and Counterclaim.

**<u>CAUSE OF ACTION</u>**

19.   The Union hereby incorporates the aforementioned allegations and answers.

20.   The grievance is subject to arbitration and Plaintiff is compelled to submit to arbitration under the Labor Management Relations Act, 1947, § 301(a), 29 U.S.C. § 185(a).

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court dismiss the Plaintiff's

Complaint, deny any motion to stay arbitration, enter judgment dismissing Plaintiff's Complaint

and in favor of the Defendant on its Counterclaim, and order Plaintiff to pay Defendant's

reasonable costs, attorneys' fees and expenses; and such further relief as this Court deems just

and proper.

Respectfully submitted,

HARVARD GRADUATE STUDENTS UNION –
UNITED AUTOWORKERS, LOCAL 5118

By its attorney,


/s/ Patrick N. Bryant
Patrick N. Bryant (BBO #652200)
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA 02109
(617) 367-7200
pbryant@pylerome.com

Date: May 15, 2026


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 15, 2026, the above document was filed
through the Electronic Case Filing System for filing and thus accomplished electronic service to
the registered participants as identified on the Notice of Electronic Filing.


/s/ Patrick N. Bryant
Patrick N. Bryant