

**Seyfarth Shaw LLP**
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
**T** (617) 946-4800
**F** (617) 946-4801

rfisher@seyfarth.com
T (617) 946-4996

www.seyfarth.com

November 13, 2025

**VIA E-MAIL**

Jan Teehan
Director
The Labor Relations Connection, Inc.
P.O. Box 333
Sandwich, MA 02563

Re:     HGSU-UAW Local 5118 and Harvard University

Dear Jan:

As you know, this Firm represents the President and Fellows of Harvard College ("Harvard" or the "University"). Please find enclosed the University's arbitrator selection sheet. Harvard submits this selection sheet subject to and without waiving its objections that this dispute is not arbitrable and that a court rather than an arbitrator decides the question of arbitrability.

The parties' collective bargaining agreement expired on June 30, 2025, and they have not agreed to any extension. The Union concedes that the dispute relates to a decision made by Harvard after the expiration of the agreement, and the parties have not agreed to arbitrate post-expiration disputes.

Furthermore, the issue underlying the dispute is whether certain students are employees within the meaning of the Act and thus whether they are members of the bargaining unit. Even if an arbitrator were appointed, they would not be able to decide the merits of the grievance, as the grievance implicates statutory policy that is outside an arbitrator's purview.

The overarching issue of whether this dispute is arbitrable is for a court to decide, not an arbitrator. *See Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190 (1991) ("Whether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court…"); *AT&T Technologies, Inc. v. CWA*, 475 U.S. 643 (1986) (finding that the lower court erred in ordering the parties to "arbitrate the arbitrability question"). The LRC's decision to appoint an arbitrator, in the guise of being neutral, is contrary to law.

By submitting the arbitrator's selection sheet, Harvard is not agreeing that the arbitrator can decide the issue of arbitrability, let alone hear the merits of the Union's grievance. The LRC's suggestion that Harvard could seek court relief is backwards. As the Union had no right to bring a grievance relative to this dispute in the first place, it was and remains its obligation to ask a court to compel arbitration. Nevertheless, and given the LRC's decision, the University may decide to exercise its right to seek an injunction in court.



Harvard thus reserves all legal rights and does not waive any objections it has to the LRC's appointment of an arbitrator or any resulting arbitration.

Very truly yours,

SEYFARTH SHAW LLP

Robert A. Fisher

cc: Patrick Bryant (without enclosures)

Enclosure