LABOR RELATIONS CONNECTION, LLC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In the Matter of Arbitration between:

HARVARD GRADUATE STUDENTS UNION,              GR: #729-25
UNITED AUTO WORKERS, LOCAL 5118

and

HARVARD UNIVERSITY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RULING ON SCHEDULING ARBITRATION HEARING

The Harvard Graduate Students Union, United Auto Workers, Local 5119 (Union) and Harvard University (Employer) are parties to a collective bargaining agreement (Agreement) that was in effect from November 27, 2021 until June 30, 2025.  The parties are presumably engaged in successor negotiations.

This ruling arises from circumstances surrounding the Union's filing of a grievance on July 21, 2025.  The grievance was not resolved at initial steps of the parties' grievance procedure, and the Union has processed the grievance to arbitration by filing a demand for arbitration with the Labor Relations Connection (LRC), after which the undersigned was appointed.[1]   The Employer objects to the arbitration going forward on the ground that the Employer is raising a question of substantive arbitrability that may be decided only by a court and not by an arbitrator. Following a conference call to discuss the parties' positions, the parties were requested to file written statements setting forth their views on whether an arbitration hearing should be scheduled.  The parties' extensive statements and attachments submitted thereafter have been

---

[1] The Employer requested that the LRC make a determination that the matter should not proceed to arbitration, which the LRC declined to do as the neutral grievance/arbitration administrator.

fully considered, although the issue for determination at this stage of the proceeding is a narrow one:  solely whether the arbitration hearing may go forward and be scheduled and the arbitrability issue(s) heard by the arbitrator.

The Union's grievance alleges that the Employer violated several provisions of the parties' Agreement when it instructed its agents to remove certain unit members from the bargaining unit prior to the July 1, 2025 payroll date.  The Employer alleges that the Union's grievance is not arbitrable, because the dispute did not arise until after the parties' Agreement expired on June 30, 2025.  The Employer relies on Litton Financial Printing Division v. NLRB, 501 U.S. 190 (1991), in which the Supreme Court held that, generally, post-expiration disputes that did not arise before the expiration of a contract are not arbitrable, although the expiration of a contract does not bar arbitration of disputes that arose before expiration.  More importantly for this ruling, however, the Employer alleges, pursuant to the Supreme Court's decision in Litton and cited cases, that only a court is empowered to determine whether the Union's grievance is arbitrable.

As a practical matter, employers regularly raise both substantive and procedural arbitrability arguments during the course of an arbitration, and arbitrators regularly rule on such matters, either initially prior to a hearing on the merits, or after a hearing on the merits, where the underlying facts necessary for a ruling on arbitrability are intertwined with the facts necessary for a ruling on the merits, and separate hearings are inefficient.  Although the law may be clear from Litton and related cases that when a question of substantive arbitrability is before a court, the court will rule on substantive arbitrability rather than either remand the question to an arbitrator or give deference if an arbitrator has already ruled, it does not necessarily follow that an arbitrator may not proceed with an arbitration and consider issues raised by the parties,

including an employer's substantive arbitrability objection, when neither party has brought the issue before a court.

Based on the parties' submissions to date, neither party has gone to court to seek injunctive relief, neither the Employer to seek to enjoin the arbitration nor the Union to seek to compel the Employer to participate in arbitration. Under these circumstances, in the absence of any court proceedings, I will move forward with the arbitration and schedule the hearing forthwith. Further discussions may take place concerning the parties' positions on bifurcating the arbitrability issue(s) and/or any other issues that it may prove useful to discuss prior to the hearing.

Mary Jeanne Tufano
Arbitrator

February 3, 2026