**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>             Plaintiff,<br><br>  v.<br><br>HARVARD GRADUATE STUDENTS UNION – UNITED AUTOWORKERS, LOCAL 5118,<br><br>             Defendant. | Civil Action No.: 1:26-cv-11273 |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff President and Fellows of Harvard College ("Harvard" or "the University"), by and through its attorneys, Seyfarth Shaw LLP, hereby responds to Defendant Harvard Graduate Students Union – United Autoworkers, Local 5118's ("Defendant" or the "Union") Counterclaim. Unless a factual allegation is expressly and specifically admitted below, it is denied.

**COUNTERCLAIM TO COMPEL ARBITRATION**

**COUNTERCLAIM ¶1:**

Defendant hereby incorporates by reference all responses to allegations in above paragraphs as if incorporated herein.

**ANSWER:**

This paragraph consists of a statement of incorporation to which no response is required. To the extent that a response is required, Harvard incorporates by reference Paragraphs 1 – 23 of its Complaint as if fully set forth herein.

**COUNTERCLAIM ¶2:**

Article 6 of the CBA, Exhibit 1 to the Complaint, contains an agreement to arbitrate grievances, which are defined as "any dispute concerning the interpretation, the application, or claimed violation(s) of a specific provision(s) of this Agreement."

1

**ANSWER:**

Harvard admits that Article 6 of the CBA contains a grievance and arbitration procedure including the above-referenced definition. Otherwise, Harvard denies the allegations in this paragraph.

**COUNTERCLAIM ¶3:**

The parties dispute whether individuals unilaterally removed by Harvard on July 1, 2025 meet the definition of research assistant under Articles 1 and 2 of the CBA. Harvard argues that the individuals were not eligible for inclusion before or after July 1, 2025.

**ANSWER:**

Harvard admits that there is a dispute between the parties and otherwise denies the allegations of this paragraph.

**COUNTERCLAIM ¶4:**

Section 1 of Article 2 of the CBA defines Research Assistant 1 as "Performs research (including scientific rotations) under the supervision of faculty/principal investigator/museum curator" and is open to "Harvard enrolled graduate students."

**ANSWER:**

Harvard admits that the above-referenced language is quoted from Article 2 of the CBA. Otherwise, Harvard denies the allegations in this paragraph.

**COUNTERCLAIM ¶5:**

Pursuant to Articles 1 and 2 of the CBA, Harvard included graduate students performing research under the supervision of faculty in the bargaining unit as research assistants even if they were funded by an external or internal fellowship.

**ANSWER:**

Denied.

**COUNTERCLAIM ¶6:**

Harvard continued to include such individuals in the unit even after it became aware of the NLRB Regional Director's decision in Massachusetts Inst. of Tech, 1-RC-304042 (March 13, 2023) and prior to the NLRB's review of the decision on July 17, 2024.

326321195v.1

**ANSWER:**

Harvard lacks knowledge or information sufficient to form a belief as to the truth or falsity of the Union's use of the phrase "such individuals," admits that it became aware of the cited decision involving MIT and the NLRB's decision on the union's request for review of that decision, and otherwise denies the allegations in this paragraph.

**COUNTERCLAIM ¶7:**

Since at least July 2023, Harvard has cited the above NLRB Regional Director decision to argue that laboratory-based psychology department students conducting research under the supervision of faculty and funded by an external or internal fellowship were not employees under the Act and could not be included in the unit.

**ANSWER:**

Harvard lacks knowledge or information sufficient to form a belief as the Union's use of the phrase "Harvard has cited," admits that the parties have an ongoing legal dispute relating to certain Ph.D. students in the psychology department and otherwise denies the allegation in this paragraph.

**COUNTERCLAIM ¶8:**

Harvard has been seeking to vacate an arbitration award, which determined that the aforementioned individuals qualify as research assistant under Articles 1 and/or 2 of the CBA. A basis of Harvard's argument is that individuals who do not meet the definition of employee under the NLRA cannot be included in the bargaining unit. Harvard's appeal remains under advisement of the U.S. Court of Appeals for the First Circuit.

**ANSWER:**

Harvard lacks knowledge or information sufficient to form a belief as to the Union's use of the phrase "aforementioned individuals," admits that it is seeking to vacate an arbitration award and its appeal in *President & Fellows of Harvard Coll. v. Harvard Graduate Students Union–UAW, Local 5118*, No. 25-1598 (1st Cir. filed 2025) is currently under advisement with the U.S. Court

326321195v.1

of Appeals for the First Circuit, states that the briefing in that appeal speak for itself, and otherwise denies the allegations in this paragraph.

**COUNTERCLAIM ¶9:**

Between issuance of the Mass Inst. of Technology decision and June 30, 2025, Harvard never contended that STEM-based doctoral students conducting research under the supervision of faculty or principal investigator and funded by internal or external fellowships were no longer eligible to be included, or in fact included, in the bargaining unit.

**ANSWER:**

Denied.

**COUNTERCLAIM ¶10:**

STEM-based doctoral students conducting research under the supervision of faculty or principal investigator and funded by internal or external fellowships were considered by Harvard to be bargaining unit research associates throughout their doctoral education, including during laboratory rotations.

**ANSWER:**

Denied.

**COUNTERCLAIM ¶11:**

Harvard knowingly continued to include individuals and positions in the above paragraph in the unit until July 1, 2025. See footnote 1 to January 8, 2026 letter from Harvard to Arbitrator Tufano, Exhibit 1 to Answer and Counterclaim.

**ANSWER:**

Harvard admits that certain graduate students who received stipends but did not have a corresponding service requirement to the University were mistakenly included in the bargaining unit and that these graduate students were removed from the bargaining unit on July 1, 2025, states the referenced footnote speaks for itself, and otherwise, Harvard denies the allegations in this paragraph.

**COUNTERCLAIM ¶12:**

In July 2025, the parties continued to bargain a successor collective bargaining agreement.

326321195v.1

**ANSWER:**

Admitted.

**COUNTERCLAIM ¶13:**

Prior to July 1, 2025, Harvard unilaterally made the decision to remove STEM-based fellow-funded research assistants from the bargaining unit.

**ANSWER:**

Denied.

**COUNTERCLAIM ¶14:**

Prior to July 1, 2025, Harvard implemented the decision to remove STEM-based fellow-funded research assistants from the bargaining unit, such as by instructing departments to delay issuance of appointment letters contractually required to be issued before July 1, and by ceasing authorized deduction of union dues to such individuals.

**ANSWER:**

Denied.

**COUNTERCLAIM ¶15:**

On July 2, 2025, Harvard notified the Union:

> We write to advise you that some students who do not meet the statutory definition of employee have erroneously been included in the bargaining unit represented by HGSU in years past. Students receiving financial support in the form of a stipend to pursue research toward their degrees are not employees under the NLRA and do not have the right to unionize. Harvard has never agreed that non-employees should be included in the unit.

**ANSWER:**

Admitted.

**COUNTERCLAIM ¶16:**

The Union filed a grievance on July 21, 2025. June 5, 2025 is approximately 30 business days prior to the July 21, 2025 filing of the Union's grievance. Thus, the grievance may pertain to CBA violations that occurred during the undisputed life of CBA.

5

**ANSWER:**

Harvard admits that the Union filed its grievance on July 21, 2025 and denies the remaining allegations in this paragraph.

**COUNTERCLAIM ¶17:**

The Union's grievance involves alleged violations of the CBA arising from Harvard's unilateral determination that disputed group of employees did not qualify for inclusion in the bargaining unit prior to or after July 1, 2025, including issues that arose prior to the expiration of the CBA regardless of whether the individuals removed from the bargaining unit on July 1, 2025 met the definition of the bargaining unit prior to that date.

**ANSWER:**

Harvard states that the Union's grievance is a written document which speaks for itself and otherwise denies the allegations of this paragraph.

**COUNTERCLAIM ¶18:**

The Union's grievance, Exhibit 2 to the Complaint, alleges facts, circumstances, and/or rights that arose during the life of the CBA regardless of when violations occurred. See Exhibit 3 to the Answer and Counterclaim.

**ANSWER:**

Denied.

**CAUSE OF ACTION**

**COUNTERCLAIM ¶19:**

The Union hereby incorporates the aforementioned allegations and answers.

**ANSWER:**

Harvard restates its responses set forth in the foregoing paragraphs and hereby incorporates them by reference.

**COUNTERCLAIM ¶20:**

The grievance is subject to arbitration and Plaintiff is compelled to submit to arbitration under the Labor Management Relations Act, 1947, § 301(a), 29 U.S.C. § 185(a).

6

326321195v.1

**ANSWER:**

Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint, deny any motion to stay arbitration, enter judgment dismissing Plaintiff's Complaint and in favor of the Defendant on its Counterclaim, and order Plaintiff to pay Defendant's reasonable costs, attorneys' fees and expenses; and such further relief as this Court deems just and proper.

**ANSWER:**

Harvard denies that the Union is entitled to the requested relief.

## ADDITIONAL DEFENSES

## FIRST ADDITIONAL DEFENSE

Harvard has no duty to arbitrate the Union's grievance because it arose after the expiration of the parties' collective bargaining agreement.

## SECOND ADDITIONAL DEFENSE

Harvard has no duty to arbitrate the Union's grievance because the graduate students in question are not employees within the meaning of the National Labor Relations Act.

## THIRD ADDITIONAL DEFENSE

The Union's Counterclaim fails to state a claim upon which relief can be granted.

## FOURTH ADDITIONAL DEFENSE

The Union's Counterclaim fails because it seeks relief contrary to public policy.

## RESERVATION OF RIGHTS

Harvard reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

7

326321195v.1

Dated: June 4, 2026

Respectfully Submitted,

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE

By its counsel:


*/s/ Robert A. Fisher*
Robert A. Fisher (BBO # 643797)
Nicole E. Ricker (BBO # 713593)
rfisher@seyfarth.com
nricker@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801


**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


*/s/ Robert A. Fisher*
Robert A. Fisher

8

326321195v.1